Mark S. Martinez (SBN #293489)
Daniel Cabrera (SBN #320708)
Law Offices of Mark S. Martinez
600 W. Santa Ana Blvd. Suite 925
Santa Ana, CA 92701
(714) 442-9741 Phone
(714) 442-9742 Fax
mark@martinezlawcenter.com

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re : <br><br> Juana Naredo Romo, <br><br>　　　　Debtor. | CASE No.: 6:17-bk-14132-WJ <br><br> Chapter: 7 <br><br> **EX PARTE MOTION TO REOPEN CHAPTER 7 BANKRUPTCY CASE PURSUANT TO 11 U.S.C. § 350 (b) & LOCAL BANKRUPTCY RULE 5010-1 (a); MEMORANDUM OF POINTS AND AUTHORITES; DECLARATION OF JUANA NAREDO; FILED IN SUPPORT THEREOF** <br><br> **Date:** <br> **Time:** <br> **Dept.:** Courtroom 304 <br>　　　U.S. Bankruptcy Court <br>　　　3420 Twelfth Street, Suite 384 <br>　　　Riverside, CA 92501 <br> **Judge:** Hon. Wayne Johnson |

-1-
PETITION TO REOPEN

PLEASE TAKE NOTICE that on the following matter will be heard in **Courtroom 304** of the United States Bankruptcy Court Central District of California, Riverside Division, located at 3420 Twelfth Street Riverside, CA 92501 before the Honorable Wayne Johnson, Debtor Juan Naredo ("Debtor"), will, and hereby does move the Court by ex parte application for an order to reopen Bankruptcy Case 6:17-bk-14132-WJ.

This ex parte application is based upon this notice, the accompanying memorandum of points and authorities in support thereof, the Declaration of JUANA NAREDO, the Declaration of JUANA NAREDO ROMO, the files and records of this action and on such evidence as may be presented at the time of hearing.

Dated: November 22, 2019     LAW OFFICES OF MARK S. MARTINEZ

By: _____
Daniel Cabrera, Esq.
Attorney for Debtor

-2-
PETITION TO REOPEN

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

Debtor Juana Naredo hereby moves, pursuant to 11 U.S.C. § 350(b), Federal Rule of Bankruptcy Procedure 5010 and Local Bankruptcy Rule 5101-1, for an order reopening the Chapter 7 bankruptcy case of Debtor Juana Naredo, Case No.; 6:17-bk-14132-WJ, so that she may then file a motion to avoid a judgment lien filed by her creditor.

## II. STATEMENT OF FACTS

On or around January 23, 2006 a default judgment was entered against Juana Naredo for a credit card that she was unaware of, for case number RIC 439066. An abstract of judgment was originally recorded on August 28, 2013 in the county of Riverside, California. On or around December 30, 2015 a renewal of the abstract judgment was entered. On or around April 5, 2016 the renewed abstract of judgment was recorded in the county of Riverside.

On or around March 11, 2016, debtor Juana Naredo caused to be purchased a property located at 15160 Via Montana, Desert Hot Springs, CA 92240. Naredo held title with the property in the name of Juana Naredo, a single woman, and William Deloya, a single man, as joint tenants.

On or around December 21, 2016 this property was then transferred via

quitclaim to Rafael Andres Valenzuela via Juana Naredo and William Deloya.

On or around May 16, 2017, debtor Juana Naredo filed a chapter 7 bankruptcy, case number 6:17-bk-14132-WJ.

On or around August 28, 2017 debtor Juana Naredo was discharged from the Chapter 7 bankruptcy.

The bankruptcy case was terminated on October 26, 2017.

On or around October 1, 2019 a Notice of Levy was recorded and levied on the real property located at 15160 Via Montana Road, Desert Hot Springs, CA.

Juana Naredo makes this motion to reopen the bankruptcy proceeding in order that she may make a motion to avoid this judgment lien.

### III. Argument

It is proper to reopen a Bankruptcy case given these facts. 11 U.S.C. § 350(b) states that "a case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." Debtor Juana Naredo makes this motion to reopen this bankruptcy case in order to make a motion to avoid the judgment lien described supra.

Furthermore, reopening this case is "merely a ministerial or mechanical act." *See Devore v. Marshack, Chapter 7 Trustee (In re Devore)*, 223 B.R. 193, 198 (B.A.P. 9th Cir.1998); Menk v. Lapaglia (In re Menk), 241 B.R. 896, 914 (B.R.P. 9th Cir. 1999)

Neither the Bankruptcy Code nor the Federal Rules of Bankruptcy

-4-
PETITION TO REOPEN

Procedure require notice in order to reopen a case. Federal Rules of Bankruptcy Procedure 2010 does not require that notice be given to reopen a case. Fed. R. Bankr. P. 5010 Section 350(b) also does not "contain the talismanic mention of motion and hearing that connotes the statutory need to permit a contest." *Menk*, 241 B.R. at 914; 11 U.S.C. § 350(b). In fact, Local Bankruptcy Rule 5010-1(e) expressly permits a motion to reopen to be considered *ex parte*. LBR 5010-1(e).

In addition, with respect to lien avoidance, "The clear majority of cases recognize that a previously closed bankruptcy case may be reopened pursuant to 11 U.S.C. § 350(b) in order to avoid a lien under § 522(f). *ITT Fin. Serv. v. Ricks (In re Ricks)*, 89 B.R. 73, 75 n. 3 (9th Cir. BAP 1988). The ultimate relief Debtors seek here is to avoid Creditor's lien on the grounds that it impairs their homestead exemption under § 522(f). This type of relief begins by reopening the case, which affords Debtors an opportunity [*9] to then ask the bankruptcy court to avoid Creditor's judgment lien. Put another way, lien avoidance under § 522(f) is one type of relief which may be accorded to a debtor, and presents proper grounds to reopen a case under § 350(b)." (*Velasco v. Corona Partners Ltd. P'ship (In re Velasco)* (Bankr.9th Cir. Jan. 29, 2007, No. CC-06-1164-PaJK) 2007 Bankr. LEXIS 4893, at *8-9.) Accordingly, the court should grant the relief requested in this motion without notice.

## V. CONCLUSION.

For the reasons set forth above, the Debtor respectfully requests that an

-5-
PETITION TO REOPEN

order is entered reopening this Bankruptcy case.

Dated: November 22, 2019          LAW OFFICES OF MARK S. MARTINEZ

By: _____
Daniel Cabrera, Esq.
Attorney for Debtor, Juana Naredo Romo

,

# DECLARATION OF JUANA NAREDO ROMO

I, Juana Naredo Romo, hereby declare as follows:

1. I am over the age of 18 years old. I have knowledge of the facts as indicated below and to declare under penalty of perjury that the following is true.

2. On or around January 23, 2006 a default judgment was entered against me without me being aware of it. Since then, I have been made aware of the case number, RIC 439066. An abstract of judgment was originally recorded on August 28, 2013 in the county of Riverside, California. On or around December 30, 2015 a renewal of the abstract judgment was entered. On or around April 5, 2016 the renewed abstract of judgment was recorded in the county of Riverside.

3. On or around March 11, 2016 I acquired title in a property located at 15160 Via Montana, Desert Hot Springs, CA 92240 as joint tenant along with William deloya.

4. On or around May 16, 2017, I filed a chapter 7 Bankruptcy, case # 6:17-bk-14132-WJ. On or around August 28, 2017 this bankruptcy was discharged. On October 26, 2017 the case was terminated.

5. On or around October 1, 2019 a Notice of Levy was recorded and levied on the real property located at the 15160 Via Montana property as a result of the abstract of judgment. I plan to reopen this bankruptcy so that my attorney may make a motion

---

PETITION TO REOPEN

7

to avoid the judgment lien.

_____
Juana Naredo Romo