Eddie R. Jimenez (SBN 231239)
ejimenez@aldridgepite.com
Laurel I. Handley (CA SBN 231249)
lhandley@aldridgepite.com
**ALDRIDGE PITE, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile:  (619) 590-1385

Attorneys for Creditor Sacor Financial Inc.

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION

| In re:<br><br>JUANA NAREDO ROMO,<br><br>Debtor. | Case No. 17-BK-14132<br><br>Chapter 7<br><br>OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION<br><br>**SUBJECT PROPERTY:**<br>15160 Via Montana<br>Desert Hot Springs, CA 92240 |
|---|---|

Sacor Financial, Inc. (hereinafter "Creditor"), a secured creditor of the above-entitled Debtor, Juana Naredo Romo (hereinafter "Debtor"), hereby objects to the Debtor's Amended Claim of Exemption filed in the above-referenced matter on February 13, 2020.  The basis of the objection is that: (1) the property claimed exempt is not property of the estate; and (2) even if it was property of the estate, the property was not the Debtor's residence and thus, not subject to the exemption claimed, as more fully set forth below.

### STATEMENT OF FACTS

On May 16, 2017, Debtor filed her Chapter 7 voluntary petition. [Dkt. 1.] She filed her schedules on May 30, 3017. [Dkt. 10.]  In her filings, the Debtor listed her address as 19526 Lurin Avenue, Riverside CA 92508 (the "Lurin Property").  In her Schedule A/B, Debtor listed only the Lurin Property as the real property which she owned or had an interest in. [See Dkt. 10, p. 1.]

- 1 -
OBJECTION TO AMENDED CLAIM OF EXEMPTION

Debtor's schedules did not list any other real property as being owned by Debtor.

On August 28, 2017, Debtor received an Order of Discharge [Dkt. 32.] The Chapter 7 Trustee submitted his Report of No Distribution on September 27, 2017, and the case was closed on October 26, 2017. [Dkt. 35, 35.]

### A. CREDITOR'S JUDGMENT LIEN

On January 23, 2006, the Riverside Superior Court entered a Judgment against Debtor under case number RIC439066 ("State Court Action") in the amount of $30,420.28 ("2006 Judgment"). [*See* Dkt. 45 (Request for Judicial Notice In Support of Opposition to Motion to Avoid Lien ("RJN")), **Ex. A**.]

On August 14, 2013, an Abstract of Judgment was issued in the State Court Action in the amount of $30,420.28, which was recorded on August 28, 2013, in the Official Records of the Riverside County Recorder's Office as Document No. 2013-0422745. [*See id.*, **Ex. B**.] On December 11, 2015, an Assignment of Judgment was filed assigning the 2006 Judgment to the Creditor. *[See id.*, **Ex. C**.]

On December 30, 2015, Creditor timely filed an Application for Renewal of the 2006 Judgment in the State Court Action. [*See id.*, **Ex. D**.] The filing of the Application for Renewal of Judgment extended the enforceability of the 2006 Judgment through December of 2025.

On March 8, 2016, another Abstract of Judgment was issued in the State Court Action in the amount of $61,511.81, which was recorded on April 5, 2016, in the Official Records of the Riverside County Recorder's Office as Document No. 2016-0132707. [*See id.*, **Ex. E**.]

Shortly thereafter, on March 11, 2016, Debtor and William Deloya took title to the real property located at 15160 Via Montana, Desert Hot Springs, CA 92240 (the "Via Montana Property") via Grant Deed that was recorded in the Official Records of the Riverside County Recorder's Office as Document No. 2016-0096869. [*See id.*, **Ex. F**.] As soon as Debtor took title to the Via Montana Property, the Abstract of Judgment attached to the Via Montana Property and became a judgment lien in favor of Creditor.

Debtor, a single woman, and William Deloya divested themselves of all interest in the Via Montana Property via a Quitclaim Deed, which was signed on March 31, 2016, and recorded on

December 21, 2016, in the Official Records of the Riverside County Recorder's Office as Document No. 2016-0571477 transferring the Via Montana Property to Rafael Andres Valenzuela, a single man ("Mr. Valenzuela"). [*See id.*, **Ex. G**.]

As of December 21, 2016, when the Quitclaim Deed was recorded, and possibly as of March 31, 2016, when the Quitclaim Deed was executed, Debtor no longer had any interest in the Via Montana Property. Indeed, conspicuously absent from Debtor's Declaration in Support of Motion to Avoid Lien is a statement that she owns or currently resides at the Via Montana Property. Rather, she admits she conveyed the Via Montana Property to Mr. Valenzuela in 2016.

Creditor has sought to enforce its judgment lien in the State Court Action. Specifically, on July 16, 2019, the Riverside County Superior Court issued a Writ of Execution ("Writ") [*See id.*, **Ex. H**.] Creditor provided the Writ to the Riverside County Sheriff's Office to pursue a levy and sale of the Via Montana Property to satisfy the 2006 Judgment. On October 1, 2019, a Notice to Levy was recorded by the Riverside County Sheriff's Office. *See* RJN, **Exhibit I**.

### B. OBJECTION TO THE MOTION TO AVOID LIEN

On November 22, 2019, in response to the Notice of Levy and over two years after her bankruptcy case has been closed, Debtor attempted to file a motion to reopen the case for the purpose of filing a Motion to Avoid Judgment Lien against the Via Montana Property. [Dkt. 37.] The Motion to Reopen was not filed in November 2019 as there were document deficiencies and the Debtor was instructed to refile the motion. [Dkt. 38.] She did so on December 19, 2019, and the case was reopened on December 19, 2019. [Dkt. 39, 41.]

Debtor's Motion to Reopen was based on her stated desire to avoid Creditor's judgment lien. Creditor filed an objection to Debtor's Motion to Avoid on February 3, 2020, and requested a hearing. [Dkt. 45-46.] One of the grounds for Creditor's objection was the fact that Debtor does not own and did not list the Via Montana Property in her schedules.

Thereafter, on or about February 13, 2020, Debtor filed an amended Schedule A listing the Via Montana Property as real property she owns. Specifically, she attested that the value of the Via Montana Property is $170,000 and the value of the portion Debtor owns is $85,000. In addition, Debtor filed an amended Schedule C claiming an exemption of $25,257.00 in relation to

the Via Montana Property under California Code of Civil Procedure § 703.140(b)(1) and (5).

On or about February 19, 2020, Debtor filed a Reply in support of her Motion to Avoid Lien.

Creditor hereby object to Debtor's Amended Claim of Exemption as it relates to the Via Montana Property.

## **ARGUMENT**

Application of the provisions of the California Code of Civil Procedure § 703.140 determines what property a debtor may exempt when filing for bankruptcy in the State of California. As outlined below, the Via Montana Property is not property of the estate, thus the exemption statute is inapplicable. Moreover, even if the Via Montana Property was property of the estate, Debtor's claimed exemption does not apply as she does not reside at the Via Montana Property at the time of the bankruptcy filing.

### A. The Via Montana Property is Not Property of the Estate

As set forth above and evidenced by recorded documents filed with the Court of which this court can take judicial notice, Debtor does not own the Via Montana Property and she did not own it at the time her bankruptcy petition was filed. Rather, Debtor conveyed the Via Montana Property to Mr. Valenzuela, an unrelated party, via Quitclaim Deed recorded on December 21, 2016. Debtor's bankruptcy petition was filed the following year on May 16, 2017. Since Debtor does not own the Via Montana Property, and did not own it at the time of her filing, it is simply not property of the estate. *See* 11 U.S.C. § 541. Accordingly, there is no exemption to be claimed related to non-estate property.

### B. Exempt from the Bankruptcy Estate

Moreover, even if the Via Montana Property is property of the estate, it cannot be claimed as exempt because it was not Debtor's residence at the time the bankruptcy was filed.

Section 522(b) of Title 11 of the United States Code provides in pertinent part:

> An individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection . . .
> Such property is-
> (1) property that is specified under subsection (d)of this section, unless the State law

that is applicable to the debtor under paragraph (2)(a) of this subsection specifically does not so authorize; or, in the alternative,

(2) (a) any property that is exempt under federal law, other than subsection (d) of this section, or State or Local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition…

As permitted by 11 U.S.C. § 522(b)(2), California has opted out of the federal exemptions set forth in 11 U.S.C. §522(d). California Code of Civil Procedure § 703.130. Accordingly, a California debtor's right to exemptions is governed by California law. In re Cumberbatch, 302 B.R. 675, 678 (Bankr.C.D.Cal., 2003).

In this case, Debtor asserts she owns an $85,000 interest in the Via Montana Property and attempts to elect exemptions under California Code of Civil Procedure § 703.140(b)(1) and (5). Section 703.140(b)(1) provides an exemption for the debtor's aggregate interest, up to $24,060 in value, in real property that the debtor uses as a residence. Section 703.140(b)(5) provides an additional exemption for the debtor's aggregate interest, up to $1,280, in any property. Thus, Debtor claims an exemption of $25,257. See [Dkt. 47], Schedule C.

However, Debtor's original filings suggest that her residence is 19526 Lurin Avenue, Riverside California, not the Via Montana Property. Setting aside the fact that Debtor does not own the Via Montana Property, the claimed exemption is not warranted since the Via Montana Property was not her residence at the time the bankruptcy was filed.

Accordingly, Creditor respectfully objects to Debtor's Amended Schedule C claiming exemptions pursuant to California Code of Civil Procedure §704.140.

WHEREFORE, Creditor respectfully requests:

1. That the Court disallow Debtor's amended claim of exemption; and
2. For such other and further relief as this Court deems just and proper.

ALDRIDGE PITE, LLP

Dated: March 12, 2020           By:    /s/ Eddie R. Jimenez
                                       EDDIE R. JIMENEZ
                                       Attorneys for Creditor
                                       SACOR FINANCIAL INC.

- 5 -

OBJECTION TO AMENDED CLAIM OF EXEMPTION

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

4375 Jutland Drive, Suite 200, P.O. Box 17933, San Diego, CA 92177-0933

A true and correct copy of the foregoing document entitled (*specify*): **OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) __3/12/2020__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

H. Christopher Coburn and Mark S. Martinez on behalf of Debtor Juana Naredo
hccoburn@gmail.com; mark@martinezlawcenter.com

Lynda T. Bui and Brandon J. Iskander on behalf of Karl T. Anderson (Trustee)
lbui@shulmanbastian.com; biskander@shulmanbastian.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) __3/12/2020__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Pingora Loan Servicing, LLC
C/O Michael P. Lau
1819 Wazeee St., Second Floor
Denver, CO 80202
*1st Lien Holder*

Marisabel Pulcini
241 S. Figueroa St., Suite 100
Los Angeles, CA 90012
*3rd Lien Holder*

United States Trustee
3801 University Avenue, Suite 720
Riverside, CA 92501-3200
*U.S. Trustee*

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __3/12/2020__, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Hon. Wayne Johnson
U.S. Bankruptcy Court, Central
3420 Twelfth St. Suite 384/ Courtroom 304
Riverside, CA 92501-3819

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 3/12/2020 | Emanda Elaine Brachmanis | *(signature)* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE