**FILED & ENTERED**

**JUN 09 2020**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY gooch      DEPUTY CLERK**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re: | Case No.: 6:17-bk-14132-WJ |
| JUANA NAREDO ROMO, | CHAPTER 7 |
| Debtor. | **MEMORANDUM OF DECISION DENYING MOTION TO AVOID LIEN** |

1    On January 17, 2020, the debtor, Juana Romo ("Debtor"), filed a motion to avoid a judicial lien of Sacor Financial, Inc. ("Sacor") [docket #43] ("Motion").  On February 3, 2020, Sacor filed opposition to the Motion and a request for a hearing [docket #44 & #45] ("Opposition Brief").  On February 19, 2020, the debtor filed a reply brief to the opposition [docket #49] ("Debtor Reply").  However, the Debtor never set the matter for a hearing as required by Local Bankruptcy Rule 4003-2(a) and 9013-1(o)(4).  Therefore, the matter languished as a result of inaction by the Debtor and LBR 9013-1(o)(4) states that when a moving party "fails to obtain a hearing date, the court may deny the motion without prejudice, without further notice or hearing."

Nevertheless, rather than deny the Motion on procedural grounds, the Court hereby denies the Motion on the merits for the following reasons.  The Motion seeks to avoid a judgment lien in favor of Sacor recorded on April 5, 2016 as instrument number 2016-0132707 ("Second Judgment Lien") against the real property located at 15160 Via Montana, Desert Hot Springs, CA 92240 ("Via Montana Property").  This is actually the second judgment lien in favor of Sacor.  A prior judgment lien was recorded on August 28, 2013 as instrument number 2013-0422745 ("First Judgment Lien") which was later assigned to Sacor in December of 2015.

The Motion makes no mention of the First Judgment Lien.  The Motion focuses solely on the Second Judgment Lien.  For the reasons set forth in the Opposition Brief, the Motion shall be denied.

The Debtor admits in the Motion that she transferred all of her interest in the Via Montana Property before she filed her bankruptcy case pursuant to a grant deed recorded on December 21, 2016 as instrument number 2016-0571477.  She attached a copy of this deed to her motion (see Exhibit 4) and specifically states in her declaration attached to the Motion that "[o]n or around December 21, 2016 this property was then transferred via quitclaim to Rafael Andres Valenzuela via myself and Deloya the other joint tenant."  Thus, the Debtor has not owed the property since 2016 and, therefore, she had no interest in the Via Montana Property when she filed her bankruptcy case in 2017.  As a result, the Debtor cannot use section 522(f) to avoid a judicial lien against the Via Montana Property.  Section 522(f) does not apply to property that is not property of the

bankruptcy estate.

In the Debtor Reply brief, the Debtor argues that she has now listed the Via Montana Property as an asset of the bankruptcy estate on an amended Schedule A/B.  However, this does not cure the issue.  The Debtor specifically stated in her Motion that she no longer owned the Via Montana Property as of 2016 and she provided proof thereof (the grant deed).  For her to now attempt to assert some type of ownership interest contradicts her own statements under penalty of perjury.  The amended Schedule A/B appears to be perjurious.  When a debtor claims to own property on an amended schedule, it does not make it so if the debtor does not actually own the property.  Instead, it just means that the debtor has made a false statement under penalty of perjury by signing the amended schedule.

Finally, the Motion does not address the First Judgment Lien at all.  If it had, the Motion would be denied as to the First Judgment Lien for the same reasons set forth in the Opposition Brief.  In addition, the First Judgment Lien cannot be avoided for an additional independent reason.

The First Judgment Lien was recorded in 2013 and, therefore, it attached to the Via Montana Property simultaneously when the Debtor first obtained an ownership interest in the Via Montana Property in 2016.  Pursuant to binding Supreme Court authority, section 522(f) cannot be used to avoid a judgment lien under those circumstances.  Section 522(f)(1) requires a debtor to have possessed an interest in property to which a lien can attach, <u>before</u> the lien attached in order to avoid the fixing of the lien on that interest. <u>Farrey v. Sanderfoot</u>, 111 S.Ct. 1825 (1991); <u>Foss v. Foss (In re Foss)</u>, 200 B.R. 660 (9th Cir. BAP (Wash.) 1996) (following <u>In re Yerrington</u>, 144 B.R. 96 (9th Cir. BAP 1992), <u>affirmed</u>, 19 F.3d 32 (9th Cir. 1994) and <u>Farrey v. Sanderfoot</u>, 500 U.S. 291 (1991)); <u>see also</u>, <u>Nelson v. Barnes (In re Barnes)</u>, 198 B.R. 779 (9th Cir. BAP 1996) (holding that a lien was not avoidable because it was based on a state court judgment that gave the debtor his interest in the property even though the lien did not arise until the judgment was recorded two years after it was issued.

A debtor cannot avoid a judicial lien that attaches at the moment the debtor acquires property.  If the judgment lien is recorded before the debtor acquires an interest in the property, the judgment lien is not avoidable. <u>Weeks v. Pederson (In re Pederson)</u>, 230 B.R. 158 (9th Cir. BAP 1999).  In

<u>Pederson</u>, a creditor obtained a judgment against the debtor and recorded an abstract of judgment. At the time of the recording of the abstract, the debtor did not own any real property. A year later, the debtor did buy a home and the lien attached automatically. Later, the debtor filed a chapter 13 case and moved to avoid the lien under section 522(f). The bankruptcy court permitted the voiding of the lien but the BAP reversed. The BAP followed <u>Farrey v. Sanderfoot</u>, 111 S.Ct. 1825 (1991) and <u>Owen v. Owen</u>, 111 S.Ct. 1833 (1991) and held that a lien which attaches simultaneously when the debtor acquires the property does not constitute the "fixing" of a lien on property of the debtor within the meaning of section 522(f).

    Accordingly, for the reasons stated, the Court shall enter a separate order denying the Motion.

IT IS SO ORDERED.

Date: June 9, 2020

_____
Wayne Johnson
United States Bankruptcy Judge